USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 95-2334 JANE RINI, Plaintiff - Appellee, v. UNITED VAN LINES, INC., Defendant - Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Michael A. Ponsor, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Coffin and Campbell, Circuit Judges. ______________ _____________________ Daniel J. Gleason, with whom Terry L. Wood, Nutter, ___________________ _______________ _______ McClennen & Fish, LLP, Wesley S. Chused, Lisa Sternschuss and _______________________ _________________ _________________ Looney & Grossman were on brief for appellant. _________________ George W. Wright, Michael J. Rush and Kenneth E. Siegel on ________________ ________________ __________________ brief for American Movers Conference, Association of American Railroads and American Trucking Associations, amicus curiae. John P. Pucci, with whom Jeanne M. Kaiser and Fierst, ______________ __________________ _______ Mitchell & Pucci were on brief for appellee. ________________ ____________________ January 17, 1997 ____________________ TORRUELLA, Chief Judge. Plaintiff-appellee Jane Rini TORRUELLA, Chief Judge. ___________ ("Rini") hired defendant-appellant United Van Lines ("United") to move her belongings from South Carolina to Massachusetts. Rini's household items were packed on August 20, 1990, and loaded into a moving van the next day. Her belongings arrived at their destination on August 27, but certain items were missing. Rini proceeded to file a claim with United. Following an acrimonious attempt to settle the claim, Rini filed a complaint in district court on December 22, 1992. The complaint included claims under the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. 11707 (1992),1 as well as state law claims of negligence, misrepresentation, use of unfair and deceptive acts in violation of Mass. Gen. L. ch. 93A, and intentional infliction of emotional distress. See Rini v. United Van Lines, 903 F. Supp. 224, 225 ___ ____ _________________ (1995). The jury found for Rini on the Carmack Amendment, negligence, and misrepresentation claims in connection with the claims process. See Rini, 903 F. Supp. at 230. On the claim of ___ ____ intentional infliction of emotional distress, the jury found for United. Id. The district court found that United, in handling ___ Rini's claim, had willfully violated chapter 93A. Id. at 232-33. ___ Damages were awarded in the amount of $50,000 on the Carmack claim and a total of $300,000 on the state law claims. Id. 234- ___  ____________________ 1 There have been amendments to the Carmack Amendment since 1990 when the events at issue in this case took place. Throughout this opinion, references will be made to the pre-amendment statute. -2- 35. In addition, Rini was awarded attorney's fees in the amount of $146,950, costs in the amount of $7,359.60, and prejudgment interest in the amount of $100,000. See Memorandum Regarding ___ Plaintiff's Motion for Attorney's Fees, Costs, and Pre-Judgment Interest, Nov. 1, 1995. This appeal by United ensued. We must determine whether the state law claims on which Rini prevailed are preempted by the Carmack Amendment. These claims are for negligence, misrepresentation, and violation of Mass. Gen. L. ch. 93A. I. Preemption and the Carmack Amendment I. Preemption and the Carmack Amendment The Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. 11707, passed in 1906 as part of the Hepburn Act, ch. 5391, 34 Stat. 584, governs the liability of carriers for lost or damaged goods. The relevant portions of the Amendment are: A common carrier . . . subject to the jurisdiction of the Interstate Commerce Commission . . . shall issue a receipt or a bill of lading for property it receives for transportation . . . . That carrier . . . and any other common carrier that delivers the property and is providing transportation or service subject to the jurisdiction of the Commission . . . are liable to the person entitled to recover under the receipt or bill of lading. The liability imposed under this paragraph is for actual loss or injury to the property caused by (1) the receiving carrier, (2) the delivering carrier, or (3) another carrier over whose lines or route the property is transported into the United States . . . . 49 U.S.C. 11707. -3- Article VI of the United States Constitution provides that the laws of the United States "shall be the supreme Law of the Land," notwithstanding contrary state laws. U.S. Const. art. VI, 2. It is settled, therefore, "that all conflicting state provisions be without effect." Maryland v. Louisiana, 451 U.S. ________ _________ 725, 746 (1981). When faced with a preemption question, however, consideration "starts with the assumption that the historic powers of the States [are] not to be superseded by . . . Federal Acts unless that [is] the clear and manifest purpose of Congress." Rice v. Santa Fe Elevator Corp., 331 U.S. 218, 230 ____ ________________________ (1947). Such a purpose [to displace state law] may be evidenced in several ways. The scheme of federal regulation may be so pervasive as to make reasonable the inference that Congress left no room for the States to supplement it. Or the Act of Congress may touch a field in which the federal interest is so dominant that the federal system will be assumed to preclude enforcement of state laws in the same subject. Likewise, the object sought to be obtained by the federal law and the character of obligations imposed by it may reveal the same purpose. Id. Finally, a state statute is void to the extent it is in ___ conflict with a federal statute. Maryland, 451 U.S. at 747. ________ In determining the scope of Carmack preemption, we look to the intent of Congress and the purpose of the Amendment. Our inquiry into the intent of Congress is made more difficult because the Carmack Amendment was adopted without discussion or debate. 40 Cong. Rec. 7075 (1906). It is accepted, however, that the principal purpose of the Amendment was to achieve -4- national uniformity in the liability assigned to carriers. "[I]t is evident that Congress intended to adopt a uniform rule and relieve such contracts from the diverse regulation to which they had been theretofore subject." Adams Express Co. v. Croninger, _________________ _________ 226 U.S. 491, 506 (1912). The importance of uniformity has frequently been stressed in subsequent Supreme Court opinions. See, e.g., New York, N.H. & Hartford R.R. Co. v. Nothnagle, 346 ___ ____ ___________________________________ _________ U.S. 128, 131 (1953); Atchison, Topeka & Santa Fe Ry. v. Harold, ________________________________ ______ 241 U.S. 371, 378 (1916). The foundation for Carmack preemption analysis is Adams _____ Express, in which the Supreme Court considered the preemptive _______ scope of the Carmack Amendment, concluding: That the legislation supersedes all the regulations and policies of a particular state upon the same subject results from its general character. It embraces the subject of the liability of the carrier under a bill of lading which he must issue, and limits his power to exempt himself by rule, regulation, or contract. Almost every detail of the subject is covered so completely that there can be no rational doubt but that Congress intended to take possession of the subject, and supersede all state regulation with reference to it. Adams Express, 226 U.S. at 505-06. The Court stated further that _____________ to allow state regulations to affect the liability of carriers "would be to revert to the uncertainties and diversities of rulings which led to the amendment." Id. at 506. ___ The preemptive effect of the Carmack Amendment over state law governing damages for the loss or damage of goods has been reiterated by the Supreme Court in many cases and is well -5- established. See, e.g., Southeastern Express Co. v. Pastime ___ ____ _________________________ _______ Amusement Co., 299 U.S. 28 (1936) (claim of negligence for ______________ failure to deliver a film on time is preempted); Charleston & _____________ Western Carolina Ry. Co. v. Varnville Furniture Co., 237 U.S. 597 ________________________ _______________________ (1915) (state statute imposing a penalty for failure to pay claims to a shipper within 40 days is preempted). Unfortunately, the Supreme Court case law does not provide clear guidance on the reach of the preemption doctrine. In particular, the Court has not clarified the extent to which state law provisions pertaining to the claims process, as opposed to the shipping of goods, are preempted. Two cases, however, are instructive. First, in Missouri, Kansas, & Texas Railway Company _________________________________________ of Texas v. Harris, 234 U.S. 412 (1914), the Court considered a _________ ______ Texas statute that allowed for the recovery of reasonable attorney's fees in cases where the value of the claims did not exceed two hundred dollars. The Court held that because the state statute at issue "had a broad sweep which only incidentally includes claims rising out of interstate commerce, it follows that it cannot be held to constitute a direct burden upon such commerce." Id. at 416. For this reason, the statute was ruled ___ to be valid and able to exist alongside the Carmack Amendment. The important distinction made by the Court was that "the Texas statute . . . does not anywhere either enlarge or limit the responsibility of the carrier for the loss of property intrusted to it in transportation, and only incidentally affects the remedy for enforcing that responsibility." Id. at 420. Furthermore, ___ -6- "[t]he local statute . . . does not at all affect the ground of recovery, or the measure of recovery; it deals only with a question of costs, respecting which Congress has not spoken." Id. at 421-22. ___ Second, in Varnville, the Court ruled that a South _________ Carolina statute that imposed a fine of $50 on carriers for failure to pay within 40 days for damage to goods transported in interstate commerce was preempted by the Carmack Amendment. Varnville, 237 U.S. at 603. The Court determined that "the _________ special regulations and policies of particular states upon the subject of the carrier's liability for loss or damage to interstate shipments, and the contracts of carriers with respect thereto, have been superseded." Id. at 603. The state statute ___ before the Court was found to "overlap[] the Federal act in respect of the subjects, the grounds, and the extent of liability for loss." Id. ___ These two cases are of particular relevance to the instant case because the state laws at issue did not govern claims arising directly out of damage to goods. Like the instant case, both Harris and Varnville consider state remedies that ______ _________ relate to the claims process. The distinction between the two cases was made in Varnville, where the Court stated that: _________ [i]t is true that in [Harris] the ______ inclusion of the attorney's fee, not exceeding $20, in the costs upon judgments for certain small claims was upheld, although incidentally including some claims arising out of interstate commerce. But apart from the effect being only incidental, the ground relied -7- upon was that the statute did not 'in any way enlarge the responsibility of the carrier' for loss or 'at all affect the ground of recovery, or the measure of recovery'. The South Carolina Act, on the other hand, extends the liability to losses on other roads in other jurisdictions, and increases it by a fine difficult to escape. Id. at 603 (citations omitted). ___ The lesson from these cases is that state statutes are preempted by the Carmack Amendment if they "in any way enlarge the responsibility of the carrier for loss or at all affect the ground of recovery, or the measure of recovery." Id. ___ The Carmack Amendment and the set of federal regulations that complement it cover not only the actual transport of goods, but they also govern the claims process. For example, the Amendment itself provides that a carrier "may not provide . . . a period of less than 9 months for filing a claim . . . and a period of less than 2 years for bringing a civil action against it under this section." 49 U.S.C. 11707(e).2 In light of the Court's holding in Varnville, we find _________ that all state laws that impose liability on carriers based on ________  ____________________ 2 See also 49 C.F.R. 1005.2-1005.5. These federal _________ regulations govern the filing of claims, 1005.2, acknowledgment of claims, 1005.3, investigation of claims, 1005.4, and disposition of claims, 1005.5. Failure to comply with these federal regulations subjects the carrier to sanctions. See Zola ___ ____ v. I.C.C., 889 F.2d 508, 509 (3d Cir. 1989); Aaacon Auto Transp., ______ ____________________ Inc. v. I.C.C., 792 F.2d 1156, 1158 (D.C. Cir. 1986). Although ____ ______ "the mere existence of a federal regulatory or enforcement scheme . . . does not by itself imply preemption of state remedies," English v. General Elec. Co., 496 U.S. 72, 87 (1990), the above _______ _________________ federal regulations indicate that the claims process is within the scope of the shipper-carrier relationship that the federal government seeks to regulate. -8- the loss or damage of shipped goods are preempted. A state law ____________________________________ "enlarges the responsibility of the carrier for loss or at all affects the ground of recovery, or the measure of recovery," id. ___ at 603, where, in the absence of an injury separate and apart from the loss or damage of goods, it increases the liability of the carrier. Preempted state law claims, therefore, include all liability stemming from damage or loss of goods, liability stemming from the claims process, and liability related to the payment of claims. Thus, the forty day limit for payment at issue in Varnville is preempted. On the other hand, liability _________ arising from separate harms -- apart from the loss or damage of goods -- is not preempted. For example, if an employee of the carrier assaulted and injured the shipper, state law remedies would not be preempted. Similarly, a claim for intentional infliction of emotional distress alleges a harm to the shipper that is independent from the loss or damage to goods and, as such, would not be preempted.3 II. Application II. Application  ____________________ 3 We are aware that our holding today conflicts with certain previous decisions of the District Court of Massachusetts. In particular, we note that the cases of Sokhos v. Mayflower Transit ______ _________________ Inc., 691 F. Supp. 1578 (D. Mass 1988), and Mesta v. Allied Van ____ _____ __________ Lines, 695 F. Supp. 63 (D. Mass. 1988), allowed certain claims _____ that would be preempted under the decision that we lay down today. To the extent these decisions are inconsistent with our holding, they do not represent the law of the circuit. We are also aware that our own decision in Fredette v. Allied van Lines, ________ ________________ 66 F.3d 369 (1st Cir. 1995), involved both Carmack Amendment and state law claims. Id. at 372. That case did not, however, ____ address the preemption issue and, therefore, offers us no guidance. -9- In the instant appeal, the state law claims at issue all stem from the loss of goods. The alleged negligence and misrepresentation took place in the course of settling a claim for damages stemming from the move. Rini suffered no harm other than the loss of goods and, therefore, her state law claims are preempted by the Carmack Amendment. Had Rini prevailed on her claim for intentional infliction of emotional distress, it would not have been preempted. Because the three state claims at issue in this appeal involve no injury save the loss of property, however, we find them to be preempted. Our conclusion is consistent with the view taken by the Second Circuit in Cleveland v. Beltman North American Company, 30 _________ ______________________________ F.3d 373 (2d Cir. 1994), cert denied, 115 S. Ct. 901 (1995). In ___________ that case, the court described the plaintiffs' allegations as follows: In handling plaintiffs' claims, the moving company -- in a deliberate and determined effort to frustrate plaintiffs' collection of damages for their losses -- was guilty of foot- dragging and stonewalling. It did not deal fairly and in good faith with the couple. Id. at 374. The claim addressed by the court was a federal ___ common law claim for breach of an implied covenant of good faith and fair dealing in the claims process, damages from which "were to be exclusive of damages awarded for actual loss under the bill of lading." Id. at 376. The Second Circuit held that there ___ could be no federal common law claim for a breach of the implied covenant of good faith and fair dealing. Id. at 379. In so ___ -10- deciding, the court concluded that "[a] claim for breach of the implied covenant of good faith and fair dealing resulting in an award of punitive damages could well thwart one of the primary purposes of the Carmack Amendment; that is, to provide some uniformity in the disposition of claims brought under a bill of lading." Id. Although Cleveland dealt with an issue of federal ___ _________ common law, the same reasoning implies that state law remedies for loss or damage to goods would be preempted. The instant case presents the same question as did Cleveland. We face a plaintiff who has been ill-treated in her _________ attempts to settle her claim with United. As a result of United's unfair practices, the jury found for Rini on the negligence and misrepresentation counts and the trial judge found for Rini on the use of unfair and deceptive acts count. Like our sister circuit before us, we note that although "[i]t may be that Congress' enforcement scheme does not provide a sufficient deterrent to the type of conduct defendants employed in this case," id. at 379, we find that the federal scheme has preempted ___ negligence, misrepresentation, and chapter 93A claims. Finally, we note that our ruling preserves the uniformity of the federal scheme by protecting the federal government's exclusive jurisdiction over the shipper-carrier relationship, the importance of which has been underscored on numerous occasions.4 "The purpose of [the Carmack Amendment] is to establish uniform federal guidelines designed in part to  ____________________ 4 See supra pp. 4-5. ___ _____ -11- remove the uncertainty surrounding a carrier's liability when damage occurs to a shipper's interstate shipment." Hughes v. ______ United Van Lines, Inc., 829 F.2d 1407, 1415 (7th Cir. 1987); see ______________________ ___ also Cleveland, 30 F.3d at 379 (stating that one of the primary ____ _________ purposes of the Carmack Amendment is to provide uniformity in the disposition of claims brought under a bill of lading). Because the Carmack Amendment was intended to provide uniformity to claims for the loss or damage to goods, the goal of uniformity is not frustrated by the allowance of state law claims for injuries that are separate and distinct from such loss or damage. III. Conclusion III. Conclusion For the foregoing reasons, the conclusion of the district court regarding the preemptive effect of the Carmack Amendment is reversed. In light of our ruling, the district ________ court's judgment as to costs, fees and prejudgment interest must be revisited. The case is remanded to the district court for the ________ entry of an order with respect to damages and a ruling on fees, costs, and interest consistent with this decision. -12-