[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
In this action, the plaintiff, Davis Shanaphy Group, Inc., (DSG) alleges that the defendant, Morse Moving, Co., (Morse) damaged its furniture and computer equipment, while transporting these items from New York to Connecticut, in violation of49 U.S.C. § 14706, otherwise known as the Carmack Amendment.[1] (Count one.) DSG incorporates the first count into the second count and alleges that Morse's conduct CT Page 7763 constitutes a "breach of implied duty of good faith and fair dealing implicit within every contract." (Amended Complaint, Count 2, ¶ 17.) DSG, in its third count, further alleges that Morse's conduct constitutes a violation of General Statutes §42-110a (CUTPA).
Morse has filed this motion to strike all three counts of the amended complaint which was denied on April 1, 1997, by this court. However, at the time of the denial, the court was unaware of a recent first circuit decision, Rini v. United Van Lines,Inc., 104 F.3d 502 (1st Cir. 1997) since it was not brought to the court's attention in a timely manner before the denial of the motion. For this reason, this court has granted Morse's motion to reargue the motion to strike.
"The purpose of a motion to strike is to contest . . . . he legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Waters v. Autuori, 236 Conn. 820, 825, 676 A.2d 357
(1996).
 I.
Count One: Carmack Amendment
Morse's motion to strike the first count of DSG's amended complaint, based upon the allegation that it impermissibly joins several causes of action, is denied. As stated in the previous decision on this motion, the proper vehicle for separating causes of action that may be confusing is by way of a request to revise and not a motion to strike. Rowe v. Godou, 209 Conn. 273, 279,550 A.2d 1073 (1988).
 II.
Counts Two and Three: Bad Faith and CUTPA
Morse argues that Rini has made clear the law that the Carmack Amendment preempts DSG's CUTPA and bad faith claims. Morse also points out that Rini overruled a case relied upon by this court in its first decision on the motion to strike. Riniv. United Van Lines. Inc., supra, 104 F.3d 506 n. 3 (overruling CT Page 7764Sokhos v. Mayflower Transit Inc., 691 F. Sup. 1578 (D.Mass. 1988)). DSG contends[2] that a claim for attorney's fees "does not in anywise either enlarge or limit the responsibility of the carrier for the loss of the property intrusted to it in transportation, and only incidentally affects the remedy for enforcing that responsibility." Missouri, Kansas Texas RailwayCo., of Texas v. Harris, 234 U.S. 412, 34 S.Ct. 790,58 L.Ed. 1377 (1914).
Rini involved a plaintiff claiming violations of the Carmack Amendment, as well as state law claims of negligence, misrepresentation, use of unfair and deceptive acts, and intentional infliction of emotional distress. Rini v. United VanLines. Inc., supra, 104 F.3d 502. The state law claims allegedly stemmed from the claims process and not from the actual damage to the goods transported. Id., 502. The Rini court held that "[p]reempted state law claims . . . include all liability stemming from damage or loss of goods, liability stemming from the claims process, and liability related to the payment of claims." Id., 506. Rini relied upon two cases: Missouri,Kansas Texas Railway Co. of Texas v. Harris, supra,234 U.S. 412, and Charleston Western Carolina Railway Co. v. VarnvilleFurniture Co., 299 U.S. 28, 57 S.Ct. 73, 81 L.Ed. 1137 (1915). The Rini court stated that "[t]he lesson from these cases is that state statutes are preempted by the Carmack Amendment if they in any way enlarge the responsibility of the carrier for loss or at all affect the ground of recovery, or the measure of recovery." (Internal quotation marks omitted.) Rini v. UnitedVan Lines, Inc., supra, 104 F.3d 505.
The Harris case held that a "Texas statute that allowed for the recovery of reasonable attorney's fees in cases where the value of the claims did not exceed two hundred dollars" was not preempted by the Carmack Amendment. Rini v. United Van Lines,Inc., supra, 104 F.3d 505. "The Court held that because the state statute at issue had a broad sweep which only incidentally includes claims arising out of interstate commerce, it follows that it cannot be held to constitute a direct burden upon such commerce." (Internal quotation marks omitted.) Id., 505.
The Varnville Furniture Co. case involved "a South Carolina statute that imposed a fine of $50 on carriers for failure to pay within 40 days for damage to goods transported in interstate commerce." Rini v. United Van Lines, Inc., supra, 104 F.3d 505. The court ruled that the South Carolina statute was preempted by CT Page 7765 the Carmack Amendment because the statute extended the liability of carriers. Id., 505.
The Texas statute, at issue in the Harris case, differs from the CUTPA statute at issue here. The Texas statute only
allowed recovery of attorney's fees. CUTPA, on the other hand, is a statute under which a cause of action for actual damages may be asserted. General Statutes § 42-110a, et seq. In addition to these actual damages, CUTPA allows the court to award, in its discretion, "costs and reasonable attorneys' fees." General Statutes § 42-110g (d). The mere fact that a plaintiff is only seeking attorney's fees as relief for CUTPA claim is irrelevant. A cause of action under CUTPA is preempted by the Carmack Amendment because both statutes allow a plaintiff to bring a cause of action seeking recovery for actual damages incurred from the acts of carriers.
The cases cited by DSG in its supplemental memorandum do not countermand the above reasoning.[3] More importantly, however, the case of A.T. Clayton Co., Inc. v. Missouri-Kansas-TexasRailroad Co., 901 F.2d 833 (10th Cir. 1990), actually supports this court's decision to grant the motion to strike because it uses the same reasoning stated above. In reaching its conclusion that the Oklahoma statute was not preempted, the court in A.T.Clayton Co., Inc. stated: "Unlike the common law negligence claims which we held were preempted in [Underwriters at Lloydsof London v. North American Van Lines, 890 F.2d 1112 (10th Cir. 1989)], the Oklahoma statute does not provide an alternative avenue of recovery. The Oklahoma statute simply provides an incidental compensatory allowance for the expense of employing an attorney. Its purpose is not to provide an additional remedy, but rather to encourage small claims and promote settlement." Id., 835. In the instant case, of course CUTPA does not ". . . simply provide[s] an incidental compensatory allowance for the expense of employing an attorney."
This reasoning also applies to the second count of DSG's complaint, in which a claim of bad faith is alleged. Accordingly, Morse's motion to strike the second count, third count, second prayer for relief, and third prayer for relief of DSG's amended complaint is granted.
D'ANDREA, J.