Doerfer, J.
The plaintiff, National Union Fire Ins. Company of Pittsburgh, PA (“National Union”), brought an action for indemnity against the defendant, Aliite, Inc. (“Aliite”), pursuant to Article 7 of the Uniform Commercial Code (“UCC”).[1] The indemnity is based on the payment by National Union of a judgment entered against Aliite and National Union in favor of Edward and Ramona Rando in a personal injury case. The plaintiff now moves for summary judgment pursuant to Mass.R.Civ.P. 56(c). For the forgoing reasons, the plaintiffs motion for summary judgment is DENIED. Summary judgment is entered, instead, on behalf of the defendant pursuant to Mass.R.Civ.P. 56(c) and the case is DISMISSED.
FACTS
The following facts are not in dispute:
The underlying cause of action was based on injuries suffered by Edward Rando when he attempted to *90 unload a pallet of goods from a New England Motor Freight, Inc. (“NEMF”) delivery truck. National Union had a contract with NEMF whereby National Union agreed to provide insurance coverage to the freight shipper.
On February 8, 1991, Allite issued a bill of lading to NEMF for the transportation of twenty cartons of electric light fixtures from Allite’s facility in New York to a company in Waltham, Massachusetts. The bill of lading and the packaging slip which accompanied the shipment estimated the weight of the pallet of goods to be 100 pounds. The goods were transported initially to Allite’s facility in Billerica, Massachusetts. The goods were then directed to Rando’s employer in Waltham, Massachusetts for delivery. When the NEMF delivery truck arrived at Rando’s employer to deliver the shipment, the only loading bay at the company was already occupied. Rando and a co-worker attempted to unload the delivery pallet which they believed to weigh 100 pounds based on the estimates provided by Allite. The pallet weighed considerably more than 100 pounds and Rando injured his back as he attempted to move the pallet into the company’s building. Rando commenced a lawsuit in Norfolk Superior Court based on negligence against Allite and NEMF. Edward and Ramona Rando v. Allite, Inc and New England Motor Freight, Inc., Norfolk Superior Court Civil Action Nos. 92-1537 and 92-3039. The case went to trial, Chernoff, J., and the jury found that the defendants negligently caused Rando’s injury. The jury apportioned liability as follows: Allite 60% negligent, NEMF 37% negligent and Rando 3% negligent. The jury awarded Mr. Rando $800,000 less his 3% comparative negligence and Mrs. Rando was awarded $200,000 on her loss of consortium claim.
The defendants appealed the judgment. While the appeal was pending, Allite’s insurer settled with the Randos for $625,000. Several months later, National Union, NEMF’s insurer, settled with the Randos for $797,707.61. During this period, counsel for NEMF stipulated that NEMF’s contribution rights as to Allite were satisfied. NEMF did not, however, stipulate that any rights to indemnity from Allite had been satisfied. National Union now seeks indemnity from Allite based upon either the Massachusetts or New York codification of Article 7 of the UCC.
DISCUSSION
This court grants summary judgment where there are no genuine issues of material fact and where the summary judgment record entitles the moving party to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976). “Summary judgment, when appropriate, may be rendered against the moving party.” Mass.R.Civ.R 56(c). In deciding a motion for summary judgment, the facts must be viewed “in the light most favorable to . . . [the party against whom summary judgment could enter], taking all the facts set forth in its supporting affidavits as true.” G.S. Enterprises, Inc. v. Falmouth Marine Inc., 410 Mass. 262, 263 (1991) (citing Graham v. Quincy Food Serv. Employees Ass’n & Hospital Library & Pub. Employees Union, 407 Mass. 601, 603 (1990)).
The plaintiff admits that there is no common law or contractual right to indemnity in this case. The sole basis for National Union’s claim is the statutoiy indemnity provision contained in Article 7 of the UCC, codified in Massachusetts as G.L.c. 106, §7-301(5). The section provides that “the shipper [here, Allite] shall be deemed to have guaranteed to the issuer [i.e. NEMF] the accuracy at the time of shipment of the description, marks, labels, number, kind, quality, condition and weight, as furnished by him [in the bill of lading]; and the shipper shall indemnify the issuer against damage caused by inaccuracies in such particulars.”
Initially, this Court must determine whether the UCC applies to the transaction at issue. Article 7 of the UCC was enacted to standardize state laws involving bills of lading. The rights and liabilities of parties to a bill of lading are set out in four places: Article 7 of the UCC, the Federal Bills of Lading Act (FBLA),[2] the Carmack Amendment to the Interstate Commerce Act,[3] and the Carriage of Goods by Sea Act.[4] See 3 James J. White & Robert S. Summers, Uniform Commercial Code §29-2 at 323 (1995). The three federal laws greatly diminish the scope of Article 7 because the UCC is expressly limited by Section 7-103 which states that “to the extent any . . . statute of the United States ... is applicable, the provisions of this article are subject thereto.”
Whenever the FBLA applies, it rather than the UCC controls. The FBLA applies to bills of lading when the bill is issued by a common carrier for the transportation of goods: (1) within the District of Columbia; (2) within a territory or possession of the United States; (3) between a place in one state and a place in another state; (4) between a place in one state and a place in the same state where the goods have traveled through another state or foreign country; or (5) from a state to a foreign country." FBLA §80102. Given the broad scope of the FBLA, Article 7 is limited in application to intrastate transactions and transactions from a foreign country to a state. White and Summers, supra. at 324. Said in a different way, “Article 7 of the Code is concerned with documents of title in intrastate transactions. Interstate shipments are governed by federal acts, and it is estimated that about 85% of all bills of lading cover interstate transactions.” Austin T. Stickells, Manual on Uniform Commercial Code §7.1 at 110 (2nd ed. 1989) [footnote omitted]. Additionally, the applicability of Article 7 is limited by the Carmack Amendment. The Carmack Amendment governs the liability of U.S. inland common carriers for lost or damaged goods. Rini v. United Van Lines, Inc., 104 F.3d *91 502, 503 (1st Cir. 1997). The principle purpose of the amendment is to “achieve national uniformity in the liability assigned to carriers." Id. at 504.
The bill of lading in question was issued in connection to an interstate transfer of goods. The pallet of lighting fixtures moved from Allite’s facility in New York to Rando’s employer in Waltham, Massachusetts. The fact that the goods were briefly stored at Allite’s facility in Billerica before being delivered to Waltham does not alter the interstate nature of the delivery. See Schultz v. Auld, 848 F.Supp. 1497, 1503-04 (D.Idaho 1993). The salient issue in determining whether a transaction involved an interstate shipment is establishing the ultimate points of departure and destination. A mere stopover for rerouting such as occurred in this case does not transform the transaction into an intrastate shipment. As the transaction involved an interstate shipment, Article 7 of the UCC does not apply. Further, there is no reason to believe that the section of Article 7 authorizing indemnity should apply to a transaction where the state statute generally does not apply.
National Union’s reliance on Rini v. United Van Lines, Inc., supra, is misplaced. Rini establishes that there are instances where recovery under common law state claims are not preempted by the Carmack Amendment. The case at bar is clearly distinguishable. The underlying case for which National Union now seeks indemnity did involve tortious acts covered by state law. The instant claim, however, is not based on these common law claims, but on the statutory indemnity provision contained in Article 7 of the UCC. As it has been conclusively established that Article 7 does not apply to interstate transactions including the transaction at bar, the indemnity provision of Article 7 is not applicable. For this reason, the plaintiffs claims for indemnity based upon the New York and Massachusetts codifications of Article 7 of the UCC must be dismissed.
ORDER
For the foregoing reasons, it is hereby ORDERED that the plaintiffs motion for summary judgment is DENIED. It is further ORDERED that summary judgment enter for the defendant and the case is DISMISSED.

A question exists as to whether the Massachusetts or New York codification of the UCC applies in this case. Massachusetts has adopted the UCC Section as G.L.c. 106, §7-301(5) and New York has adopted the same UCC section as Article 9, §7-301(5). Because the statutes are virtually identical, the choice of laws issue is irrelevant for the purposes of this motion.

Federal Bills of Lading Act of 1916, 49 U.S.C.A. §§80101-80116 (1994).

Carmack Amendment, 34 Stat. 595 (1906); 49 U.S.C.A. §11707 (1994).

Carriage of Goods By Sea Act of 1936 (COGSA), 46 U.S.C.A. §§1300-1315 (1994).