**AUTOMATED WINDOW
MACHINERY, INC.
Plaintiff,**

v.

**McKAY INSURANCE AGENCY,
INC., et al., Defendants.**

**No. 5:03 CV 1164.**

United States District Court,
N.D. Ohio,
Eastern Division.

March 31, 2004.

Benito C.R. Antognoli, Williams, Welser & Kratcoski, Kent, OH, for Plaintiff.

Joseph F. Nicholas, Jr., Mazanec, Raskin & Ryder, Eric Larson Zalud, Arlene Sokolowski, Benesch, Friedlander, Coplan & Aronoff, Cleveland, OH, Marc S. Blubaugh, Benesch, Friedlander, Coplan & Aronoff, Columbus, OH, for Defendants.

## MEMORANDUM OPINION

GALLAS, United States Magistrate Judge.

Plaintiff, Automated Window Machinery, Inc., (hereinafter Automated Window) is an Ohio corporation engaged in the business of selling industrial machinery and defendant R & L Carriers, Inc. is an Ohio corporation and a holding company of a motor carrier which on or about December

18, 2000 agreed to transport a Someco 420 LV 2pt welder from Akron, Ohio to Twin Window Company in Naples, Florida. Automated Window alleged that the carrier damaged the welder while transporting it, and on January 9, 2001 Automated Window submitted a freight claim to the carrier in the amount of $23,290.00 for the alleged damage to the welder. On January 12, 2001 R & L rejected Automated Window's claim in writing. More than two years later, on May 7, 2003 Automated Window filed this action in Summit County Court of Common Pleas which R & L removed to the Northern District of Ohio on June 10, 2003. R & L contends that plaintiff's exclusive claim is under the Carmack Amendment of the Interstate Commerce Act because each of plaintiff's state law causes of action raised in the complaint are pre-empted by this amendment. (See 49 U.S.C. § 14706). R & L further argues that there is statute of limitation under this amendment of two years and one day which expired after January 13, 2003 rendering the complaint untimely, and this defendant has moved for summary judgment on this point (Docket No. 7). Automated Window has not opposed summary judgment.

■ R & L argues preemption by the Carmack Amendment citing a line of cases beginning with *Adams Express Co. v. Croninger*, 226 U.S. 491, 33 S.Ct. 148, 57 L.Ed. 314 (1913); *Georgia, Florida and Alabama Ry. Co. v. Blish Milling Co.*, 241 U.S. 190, 36 S.Ct. 541, 60 L.Ed. 948 (1916); *W.D. Lawson & Co. v. Penn Central*, 456 F.2d 419, 421 (6th Cir.1972); *Moffit v. Bekins Van Lines Co.*, 6 F.3d 305, 306–07 (5th Cir.1993); *Rini v. United Van Lines, Inc.*, 104 F.3d 502, 506 (1st Cir.1997), which clearly establish that the doctrine of complete pre-emption eliminates state law claims against carriers and preserves uniform treatment of the carrier-shipper relationship.[1] These cases establish that state law causes of actions against an interstate motor carrier for fraud, tort, intentional and negligent infliction of emotional stress, breach of contract, breach of implied warranty, breach of express warranty and state deceptive practices acts, etc. are preempted. Automated Window has not opposed plaintiff's position and this Court's review of the authorities establishes that R & L's position is correct.

■ As a consequence, Automated Window's claims are governed by 49 U.S.C. § 14706(e)(1) which provides a period of less than two years for bringing a civil action against a carrier. The period for bringing this civil action is computed from the date the carrier gives a written notice that the carrier has disallowed any part of the claim specified in plaintiff's notice. Moreover, R & L points out that Automated Window itself issued a uniform straight bill of lading in connection with the transportation of the welder which incorporated the minimum statute of limitations authorized by 49 U.S.C. § 14706(e)(1) stating that suit shall be instituted against any carrier "only within two years and one day from the date when notice in writing by the carrier to the claimant that the carrier has disallowed the claim or any part or parts thereof specified in the notice." Both under law and pursuant to the terms of Automated Window's uniform straight bill of lading. Automated Window was required to institute this action no later than two years and one day from the day when written notice was given to Automatic Window that its claim was disallowed by R & L. There is no question that this occurred on January 12, 2001. Conse-

---

1. And the Court also has reviewed *Smith v. UPS*, 296 F.3d 1244 (11th Cir.2002), which rejected dicta from *Rini*, and *American Road Service Co. v. Consolidated Rail*, 348 F.3d 565 (6th Cir.2003) concerning claim by subrogee against carrier.

quently, Automated Window's right to institute a civil action against R & L expired after January 13, 2003 and the complaint must be dismissed as untimely.