**UNITED VAN LINES, INC., Plaintiff,**

v.

**Gary and Sandy HENRY, Defendants.**

**No. 4:97CV1342 JCH.**

United States District Court,
E.D. Missouri,
Eastern Division.

May 18, 1998.

---

Terese A. Drew, Deborah A. Arbogast, Hinshaw and Culbertson, St. Louis, MO, for United Van Lines, Inc., plaintiff.

Mark Belz, Belz and Jones, St. Louis, MO, for Gary L. Henry, Sandy Henry, defendants.

## MEMORANDUM AND ORDER

HAMILTON, Chief Judge.

This matter is before the Court on Plaintiff's Motion for Summary Judgment, filed March 4, 1998. Defendants have not responded to the motion.

## BACKGROUND

The undisputed facts in this matter are as follows. Plaintiff United Van Lines, Inc. is a household goods and personal property moving company based in Fenton, Missouri. (Memorandum of Law in Support of Plaintiff's Motion for Summary Judgment ("Plaintiff's Memo in Support"), P. 1). On or about July 1, 1996, Defendants entered into a contract with Plaintiff for the interstate shipment of personal property and household goods from Butte, Montana to Hayden, Idaho.[1] (Plaintiff's Complaint for Breach of Contract for Interstate Transportation and for Monies Due and Owing for Work, Labor, and Services (Quantum Meruit) (hereinafter "Plaintiff's Compl."), ¶ 9). Defendant Sandy Henry signed the Bill of Lading as shipper/consignor. (Plaintiff's Memo in Support, P. 3 and Exh. B attached thereto). The charges accrued for the transportation of Defendants' property were $7,325.61. (Plaintiff's Compl. ¶ 11).

After transportation and delivery of the shipment by Plaintiff, Defendant Gary Henry accepted the personal property and household goods on or about July 11, 1996, and acknowledged that the shipment was received in good condition. (Plaintiff's Compl. ¶ 14). Neither Defendants nor Defendant Gary Henry's former employer, Sterling Healthcare Corporation, has paid for the services provided by Plaintiff. (Plaintiff's Compl. ¶ 23).[2] Plaintiff filed the instant suit on June 24, 1997, to recover the balance due on the moving contract.

## DISCUSSION

As stated above, Plaintiff United Van Lines, Inc. is an interstate motor carrier of

---

1. Defendants deny that the contract at issue was enforceable. (Defendants' Answer, ¶ 9). The rationale underlying this denial is unclear, however, because as stated above Defendants failed to file a response to Plaintiff's Motion for Summary Judgment.

2. Defendant Gary Henry's former employer, Sterling Healthcare Corporation, has filed for bankruptcy, and Defendant Henry has left its employ. (Plaintiff's Compl. ¶ 5).

household goods and personal property. The goods at issue here were shipped pursuant to a Uniform Household Goods Bill of Lading and Freight Bill. (Plaintiff's Memo in Support, P. 2 and Exh. B). The shipment was governed exclusively by 49 U.S.C. § 13702, part of the Motor Carrier Act.[3] (Plaintiff's Memo in Support, P. 1). The transportation charges for the move were $7,325.61.[4]

Defendant Sandy Henry signed the Bill of Lading as both "shipper" and "consignee." (Plaintiff's Memo in Support, Exh. B, P. 1). The Bill of Lading further lists Defendant Gary Henry's former employer. Sterling Healthcare, as the "COMPANY (associated with)." (Id.). Defendant Sandy Henry signed both the "valuation" and "delivery acknowledgment" sections of the form. (Id.).

The back of the Bill of Lading contained the following information:

(a) The shipper, upon tender of the shipment to carrier, and tile consignee, upon acceptance of delivery of shipment from carrier, shall be liable, jointly and severally, for all unpaid charges payable on account of a shipment in accordance with applicable tariffs including, but not limited to, sums advanced or disbursed by a carrier on account of such shipment. The extension of credit to either shipper or consignee for such unpaid charges shall not thereby discharge the obligation of the other party to pay such charges in the event the party to whom credit has been extended shall fail to pay such charges.

(Plaintiff's Memo in Support, Exh. B, P. 2). Further, the front of the bill of lading provides as follows: "If credit is extended by the carrier by agreeing to bill an employer or other party, and in the event that any or all of the charges are not paid, the owner of the goods and/or beneficiary of the services acknowledges he remains primarily liable for payment." (Plaintiff's Memo in Support, Exh. B, P. 1).

■ The issue before the Court is whether Defendants Gary and Sandy Henry should be held liable for the shipping charges. "The situation is a fairly common one in which an employer agrees to pay the moving costs of an employee." *Banton v. Schroeder Moving Sys., Inc.,* 827 F.Supp. 1388, 1390 (E.D.Wis.1992). As in *Banton,* the problem here apparently arose when the employer went bankrupt and failed to pay. *Id.*

Upon consideration, the Court holds that Defendants are liable for the moving costs. In support of its decision, the Court notes that Defendants were listed on the bill of lading as shippers. and further signed the form as consignee. *Banton,* 827 F.Supp. at 1390. Under the terms of the bill of lading and the tariff at issue, both the shipper and the consignee are responsible for payment. *Id.* Plaintiff's Motion for Summary Judgment will therefore be granted.

■ In its Motion, Plaintiff further seeks an award of both pre- and post-judgment interest. (Plaintiff's Memo in Support, P. 19). The Court will allow both requests. " 'To allow the [carrier] to recover without awarding prejudgment interest would be to diminish the tariff charge by an amount representing the value of the use of the money owed for the period prior to judgment.' " *United Van Lines, Inc. v. Homburger,* 932 F.Supp. 139, 143 (W.D.N.C.1996) (citing *Coliseum Cartage Co., Inc. v. Rubbermaid Statesville, Inc.,* 975 F.2d 1022, 1026 (4th Cir.1992)). The Court will therefore award both pre-judgment interest from February 15, 1997 to the date of judgment, and post-judgment interest.[5]

---

**3.** 49 U.S.C. § 13702 governs carriers engaged in interstate' transportation, and requires motor carriers to publish a schedule of charges for their services. As an interstate motor carrier, Plaintiff may only charge in accordance with its published tariffs. (Plaintiff's Memo in Support, P. 7).

**4.** The Bill of Lading at issue incorporated by reference interstate transportation tariffs. (Plaintiff's Memo in Support, P. 7 and Exh. B, P. 3).

**5.** Pre-judgment and post-judgment interest will be awarded at the same rate. *United Van Lines, Inc. v. Homburger,* 932 F.Supp. at 143.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Summary Judgment is **GRANTED,** and Defendants are ordered to pay $7,325.61 in unpaid moving charges. An appropriate Judgment will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that Plaintiff is awarded pre-judgment interest from February 15, 1997 to the date of judgment, and post-judgment interest, both to be calculated at the rate of 5.407 per cent.