**UNITED VAN LINES, INC., Plaintiff,**

v.

**Gary and Sandy HENRY, Defendants.**

**No. 4:97CV1342 JCH.**

United States District Court,
E.D. Missouri,
Eastern Division.

July 19, 1998.

Terese A. Drew, Partner, Deborah A. Arbogast, Hinshaw and Culbertson, St. Louis, MO, for plaintiff.

Mark Belz, President, Belz and Jones, St. Louis, MO, for defendants.

## MEMORANDUM AND ORDER

HAMILTON, Chief Judge.

This matter is before the Court on Defendants' Motion to Set Aside Summary Judgment, filed May 19, 1998. Plaintiff opposes the motion.

## BACKGROUND

Plaintiff United Van Lines, Inc. is a household goods and personal property moving company based in Fenton, Missouri. (Memorandum of Law in Support of Plaintiff's Motion for Summary Judgment ("Plaintiff's Memo in Support"), P. 1). On or about July 1, 1996, Plaintiff contracted to provide interstate shipment of Defendants' personal property and household goods from Butte. Montana to Hayden. Idaho. (Plaintiff's Complaint for Breach of Contract for Interstate Transportation and for Monies Due and Owing for Work, Labor, and Services (Quantum Meruit) ("Plaintiff's Compl."), ¶ 9). Defen-

dant Sandy Henry signed the bill of lading as shipper/consignor. (Plaintiff's Memo in Support, P. 3 and Exh. B attached thereto). The charges accrued for the transportation of Defendants' property were $7,325.61. (Plaintiff's Compl. ¶ 11).

After transportation and delivery of the shipment by Plaintiff, Defendant Gary Henry accepted the personal property and household goods on or about July 11, 1996, and acknowledged that the shipment was received in good condition. (Plaintiff's Compl. ¶ 14). Neither Defendants nor Defendant Gary Henry's former employer, Sterling Healthcare Corporation ("Sterling"), has paid for the services provided by Plaintiff. (Plaintiff's Compl. ¶ 23).[1] Plaintiff filed the instant suit on June 24, 1997, to recover the balance due on the moving contract.

Plaintiff filed its Motion for Summary Judgment on March 4, 1998. Defendants failed to respond, and the Court granted Plaintiff's motion in an Order dated May 18, 1998. (Docket No. 15). Defendants then filed the instant Motion to Set Aside Summary Judgment on May 19, 1998, asserting that they never received a copy of Plaintiff's Motion for Summary Judgment. (Defendants' Motion to Set Aside Summary Judgment ("Defendants' Motion to Set Aside"), ¶ 1). In an Order dated June 17, 1998, this Court granted Defendants eleven days in which to file a memorandum demonstrating good cause for the setting aside of the summary judgment. (Docket No. 20). Defendants filed their response on June 29, 1998, and Plaintiff filed its reply to Defendants' response ("Plaintiff's Reply") on July 7, 1998.

### DISCUSSION

In its response, Defendants make several arguments supporting a denial of Plaintiff's Motion for Summary Judgment. The Court will address the arguments in turn.

**I. Summary judgment should be denied, as Plaintiff operated as a contract (rather than common) carrier, and thus the filed rate doctrine does not apply to this move**

In their first argument, Defendants allege that because Plaintiff was acting as a contract (rather than common) carrier with respect to this move, the filed rate doctrine does not apply.[2] (Defendants' Resistance to Plaintiff's Motion for Summary Judgment and Memorandum in Support of Defendants' Motion to Set Aside Summary Judgment ("Defendants' Resistance"), PP. 2–4). Defendants thus assert that they can be presumed to have known neither the applicable tariff charges nor that they would be liable for the tariffs should Sterling fail to satisfy its obligations. (Defendants' Resistance, P. 4).

The Court agrees that for purposes of this summary judgment motion, Plaintiff must be considered a contract carrier.[3] This determination does not help Defendants, however, as both contracts underlying this transaction specifically incorporate the relevant tariff rates and provisions. For example, Appendix A to the Transpor-

---

1. See discussion in section II, below.

2. Under the filed rate doctrine, carriers engaged in interstate transportation services are required to publish a schedule of charges for their services. (Plaintiff's Memo in Support, P. 7, citing 49 U.S.C. § 13702). Carriers may only charge in accordance with their published tariffs, and shippers, owners and consignors/consignees are chargeable with knowledge of properly filed tariff provisions and their obligation to pay. (Plaintiff's Memo in Support, PP. 8–9, citing *Aero Trucking, Inc. v. Regal Tube Co.,* 594 F.2d 619, 621 (7th Cir. 1979)).

3. The Court bases this ruling on the Transportation Services Agreement executed between Plaintiff and Sterling, which states in relevant part as follows:

> This Agreement for transportation services (the "services") is entered into between Sterling Healthcare ("Shipper") and United Van Lines, Inc., operating as a *motor contract carrier* . . .

(Plaintiff's Reply, Exh. A (emphasis added)). Viewing the facts in the light most favorable to Defendants, the Court finds this language sufficient to present a factual question as to whether Plaintiff was acting as a contract, rather than common, carrier.

tation Services Agreement between Plaintiff and Sterling states as follows:

> The Referenced Tariffs are those published by the Carrier with the Interstate Commerce Commission or with any other federal or state agency and are incorporated by reference as if more fully set forth herein. Shipper (Sterling) acknowledges actual notice of the terms and conditions expressed or contained in the Referenced Tariffs.

(Plaintiff's Reply, Exh. A, Appendix A, P. 1). Further, the bill of lading signed by Defendant Sandy Henry provides the actual rates charged by Plaintiff, and further states as follows:

> If credit is extended by the carrier by agreeing to bill an employer or other party, and in the event that any or all of the charges are not paid, the owner of the goods and/or beneficiary of the services acknowledges he remains primarily liable for payment . . .
>
> The shipper, upon tender of the shipment to carrier, and the consignee, upon acceptance of delivery of shipment from carrier, shall be liable, jointly and severally, for all unpaid charges, payable on account of a shipment in accordance with applicable tariffs including, but not limited to, sums advanced or disbursed by a carrier on account of such shipment. The extension of credit to either shipper or consignee for such unpaid charges shall not thereby discharge the obligation of the other party to pay such charges in the event the party to whom credit has been extended shall fail to pay such charges.

(Bill of Lading, attached as Exh. B to Plaintiff's Motion for Summary Judgment, PP. 1, 2).[4] The Court therefore holds that while Defendants may not be presumed to know the tariff charges, or that they were responsible for them in the event Sterling failed to pay, they nevertheless had actual knowledge of both those facts from the relevant contracts. Defendants' first point for relief from summary judgment is therefore denied.

## II. Summary judgment should be denied; as Sterling has satisfied the obligation to Plaintiff

■ Defendants next allege that they are not liable, as Sterling rendered full payment on Defendants' behalf by way of a check dated December 10, 1996. (Defendants' Resistance, P. 4 and attached Exh. 1). As evidenced by Defendants' own exhibit, however, that check was returned unpaid, and thus may not relieve Defendants of any potential liability. (Defendants' Resistance, Exh. 1). Defendants second point is therefore denied as well.

## III. Summary judgment should be denied, as only Defendant Sandy Henry signed the Bill of Lading, and she did so after the move was completed and under false pretenses

■ In their final argument. Defendants make two separate assertions. First. Defendants allege that because the bill of lading was signed only by Defendant Sandy Henry, only she may be held liable for the freight charges. (Defendants' Resistance, P. 5). Defendants thus assert that summary judgment was improperly entered against Defendant Gary Henry. (*Id.*).

In *Cleckner v. Republic Van & Storage Co., Inc.,* the Fifth Circuit held as follows: "But where a wife has acquiesced in an agreement by permitting household goods to be moved as arranged by the husband, commercial practicalities require allowing third parties to rely on agreements made by one spouse even though they involve the property of both." *Cleckner v. Republic Van & Storage Co., Inc.,* 556 F.2d 766, 771 (5th Cir.1977) (footnote omitted); *see also, United Van Lines, Inc. v. Hombur-ger,* 932 F.Supp. 139, 142 (W.D.N.C.1996) (entering judgment against a non-contracting spouse under the reasoning of *Cleckner*). This Court therefore holds that Defendant Gary Henry may be held liable to

---

4. As stated above, this Bill of Lading was signed by Defendant Sandy Henry.

the same extent as Defendant Sandy Henry.[5]

Finally, Defendants make the following argument to avoid liability:

> Additionally, Sandy Henry, did not sign the bill of lading until after the move had been completed, and then she signed it only after being informed by United's employee that the sheet was nothing more than a confirmation that everything had been delivered. Since United was operating as a contract carrier under a contract with Sterling Healthcare Corporation, the Henrys cannot be presumed to have known what information or language the bill of lading contained. They had only the representations of United's shipper under which to proceed. In those circumstances the Henrys cannot be bound by the bill of lading language.

(Defendants' Resistance, P. 5). Defendants submit no evidence in support of this contention, however, not even an affidavit from Defendant Sandy Henry attesting to its verity.[6]

In order to survive a motion for summary judgment, the nonmoving party must set forth specific facts demonstrating that there is a dispute as to a genuine issue of material fact, not the "mere existence of some alleged factual dispute." Fed. R.Civ.P. 56(e); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The nonmoving party may not rest upon mere allegations or denials of his pleading. *Id.* at 256, 106 S.Ct. 2505. Upon consideration, the Court finds that Defendants' unsupported allegations fail to meet their burden of production in this portion of their resistance to Plaintiff's Motion for Summary Judgment.

Defendants' Motion to Set Aside Summary Judgment will therefore be denied.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Set Aside Summary Judgment (Doc. No. 17) is **DENIED**.

---

5. The Court finds further support for its ruling in the language of the bill of lading signed by Defendant Sandy Henry. As stated above, the bill of lading states that, "[i]f credit is extended by the carrier by agreeing to bill an employer or other party, and in the event that any or all of the charges are not paid, *the owner of the goods and/or beneficiary of the services acknowledges he remains primarily liable for payment."* (Plaintiff's Motion for Summary Judgment, Exh. B, P. 1). Defen-

dant Gary Henry does not dispute that he was an owner of the goods. Further, in his answer he affirms that he accepted the personal property and household goods on or about July 11, 1996, thus acknowledging that he was a beneficiary of the services provided. (Defendants' Answer, ¶ 14).

6. Defendants' Memorandum in Resistance is not an affidavit, and thus does not constitute evidence.