On Motion for Rehearing, Rehearing En Banc, and Certification to the Florida Supreme Court

TAYLOR, J.
Appellant has moved for rehearing, rehearing en banc, and certification of conflict. We deny the motion for rehearing and rehearing en banc, but grant the motion for certification of conflict. We withdraw our prior opinion and substitute the following opinion in its place.
Ivana Vidovic Mlinar appeals a final order dismissing all of her claims against UPS on the ground that the claims were preempted by the Carmack Amendment. We affirm.

Factual Background

Appellant is an artist who created two valuable oil paintings: Ad,vice and The Messenger. Her husband took the paintings to Pak Mail, a third party retailer, to be shipped via UPS to New York. When the container arrived at its intended destination in New York, it was empty. The duct tape had been sliced and the paintings had been removed. Appellant reported the loss to UPS and Pak Mail. Months later, Pak Mail offered her $100 for the missing contents of the package.
At some point, UPS sold the paintings to Cargo Largo, UPS’s lost goods contractor. Cargo Largo later auctioned the paintings. An individual named Aaron Anderson purchased one of the paintings at the Cargo Largo auction.
About two years after appellant lost possession of the paintings, she received a telephone call from Anderson, who informed her that he had just purchased Ad,vice at the Cargo Largo auction sale. Anderson inquired into the value of the painting, and she informed him that it had been appraised to be worth $20,000. He also informed her that The Messenger was auctioned in the same lot, but that he did not know the identity of the purchaser.
Anderson placed a listing online offering to sell Advice and even offering to introduce the buyer to appellant. He eventually acquired The Messenger as well. He then placed advertisements online in which he offered to sell or trade both paintings, *409 and again offered to introduce the buyer to appellant.
Based on the above facts, appellant filed suit against UPS, Pak Mail, Cargo Largo, and Anderson. According to the operative complaint, UPS selectively located the contents of her container “based on their nature, probable worth, and lack of insurance,” and then sold the paintings to Cargo Largo for “some as of yet undiscovered consideration.” UPS also utilized appellant’s contact information on the back of each painting “to catalogue, sell and/or distribute” the paintings to Cargo Largo.
Appellant asserted four claims in her complaint: Conversion (Count I — against UPS, Cargo Largo, and Pak Mail), Profiting by Criminal Activity (Count II— against UPS, Cargo Largo, and Pak Mail), Unauthorized Publication of Name or Likeness (Count III — against UPS, Cargo Largo, and Anderson), and a claim under Florida’s Deceptive and Unfair Trade Practices Act (Count IV — against UPS).
The trial court dismissed all of appellant’s claims against UPS, ruling that they were preempted by the federal Carmack Amendment. This appeal followed.

Standard of Review

The standard of review of a trial court’s order of dismissal is de novo. Gomez v. Fradin, 41 So.3d 1068, 1070 (Fla. 4th DCA 2010).

Law on Carmack Preemption

The Carmack Amendment to the Interstate Commerce Act was enacted in 1906 to establish a uniform national policy for interstate carriers’ liability for property loss. N.Y., N.H. & Hartford R. Co. v. Nothnagle, 346 U.S. 128, 131, 73 S.Ct. 986, 97 L.Ed. 1500 (1953). Under the Carmack Amendment, a carrier is generally liable for the actual loss or injury to the property. 49 U.S.C. § 14706(a)(1). However, a carrier may limit its liability to “a value established by written or electronic declaration of the shipper or by written agreement between the carrier and shipper if that value would be reasonable under the circumstances surrounding the transportation.” 49 U.S.C. § 14706(c)(1).
Consistent with the goal of uniformity, the Carmack Amendment preempts state or common law remedies available to a shipper against a carrier for loss or damage to interstate shipments. N. Am. Van Lines, Inc. v. Pinkerton Sec. Sys., Inc., 89 F.3d 452, 456 (7th Cir.1996). The Carmack Amendment’s preemptive scope supersedes all the regulations and policies of a particular state upon the same subject. Adams Express Co. v. Croninger, 226 U.S. 491, 505, 33 S.Ct. 148, 57 L.Ed. 314 (1913). Carmack Amendment preemption embraces “all losses resulting from any failure to discharge a carrier’s duty as to any part of the agreed transportation .... ” Ga., Fla. & Ala. Ry. Co. v. Blish Milling Co., 241 U.S. 190, 196, 36 S.Ct. 541, 60 L.Ed. 948 (1916). A cause of action not within the ambit of the preemptive scope of the Carmack Amendment is the rare exception. Brightstar Int’l Corp. v. Minuteman Int’l, 2011 WL 4686432 (N.D.Ill. Oct. 4, 2011).
As a general rule, the Carmack Amendment broadly preempts common law fraud, conversion, and unfair trade practices claims. See, e.g., Hall v. N. Am. Van Lines, Inc., 476 F.3d 683, 689 (9th Cir.2007) (stating that the Carmack Amendment preemption “applies equally to fraud and conversion claims arising from a carrier’s misrepresentations as to the conditions of delivery or failure to carry out delivery”); Moffit v. Bekins Van Lines Co., 6 F.3d 305, 306-07 (5th Cir.1993) (holding that the Carmack Amendment preempted various state law claims, including fraud, negligent and intentional *410 infliction of emotional distress, slander, and a claim under the Texas Deceptive Trade Practices Act, when a moving company failed to deliver household goods to a new home in time for Christmas); Gordon v. United Van Lines, Inc., 130 F.3d 282, 289 (7th Cir.1997) (holding that fraud “claims relating to the making of the contract for carriage are so closely related to the performance of the contract, arid the measure of damages for such claims so likely to be the loss or damage to the goods, that they are also preempted by the Carmack Amendment”); Rini v. United Van Lines, Inc., 104 F.3d 502, 506 (1st Cir.1997) (holding that Carmack Amendment preempted a shipper’s claim for violation of the Massachusetts Consumer Protection Act); United Van Lines v. Shooster, 860 F.Supp. 826, 828-29 (S.D.Fla.1992) (finding that the Carmack Amendment preempted a claim based on an alleged fraudulent estimate made to induce a contract); see also Miracle of Life, LLC v. N. Am. Van Lines, Inc., 368 F.Supp.2d 494, 498 (D.S.C.2005) (collecting cases).
Situations may exist, however, in which the Carmack Amendment does not preempt all state and common law claims. Smith v. United Parcel Serv., 296 F.3d 1244, 1248 (11th Cir.2002). Claims that are “based on conduct separate and distinct from the delivery, loss of, or damage to goods escape preemption.” Id. at 1249. For example, “no doubt exists that if a UPS driver intentionally assaulted and injured” a plaintiff, the Carmack Amendment would not preempt the cause of action. Id.
Other courts have applied a different test, ruling that preemption does not apply if “the shipper alleges injuries separate and apart from those resulting directly from the loss of shipped property.” See Morris v. Covan World Wide Moving, Inc., 144 F.3d 377, 382 (5th Cir.1998). Under this test, a claim alleging a harm independent from the loss or damage to the goods is not preempted by Carmack. See Braid Sales & Mktg., Inc. v. R & L Carriers, Inc., 838 So.2d 590, 593 (Fla. 5th DCA 2003) (“Here, Braid’s claim of an alleged oral contract between the parties for payment of repairs, entered into after the shipment was completed, constitutes a separate harm which is independent from the loss or damage to goods. As such the claim is not preempted.”); Rini, 104 F.3d at 506 (“[A] claim for intentional infliction of emotional distress alleges a harm to the shipper that is independent from the loss or damage to goods and, as such, would not be preempted.”); Gordon, 130 F.3d at 289 (holding that claim of intentional infliction of emotional distress was not preempted).

Analysis of Appellant’s Claims

We agree with the Eleventh Circuit that the proper test for whether claims escape Carmack preemption is whether the claims are based on conduct separate and distinct from the delivery, loss of, or damage to goods. “In other words, separate and distinct conduct rather than injury must exist for a claim to fall outside the preemptive scope of the Carmack Amendment.” Smith, 296 F.3d at 1249 (emphasis added).
Applying this standard, we conclude that all of appellant’s claims against UPS are preempted by the Carmack Amendment. First, we find that appellant’s claim against UPS for conversion is preempted because it is predicated upon UPS’s failure to deliver appellant’s goods. See Laing v. Cordi, 2012 WL 4792905 (M.D.Fla. Oct. 9, 2012) (“Plaintiffs’ claims for conversion and civil theft are predicated on Estes’ alleged failure to deliver plaintiffs’ goods. Although plaintiffs allege that Estes knowingly, intentionally, *411 and maliciously appropriated and converted plaintiffs’ personal property, these contentions do not alter the fact that the claims are based on Estes’ alleged failure to deliver their personal property.”) (record citations omitted). We recognize that some courts allow an exception from preemption “when there has been a true conversion, i.e., where the carrier has appropriated the property for its own use or gain.” Glickfeld v. Howard Van Lines, 213 F.2d 723, 727 (9th Cir.1954). However, we decline to craft such an exception. Conversion is an intentional tort under Florida law. See, e.g., Curd v. Mosaic Fertilizer, LLC, 39 So.3d 1216, 1223 n. 4 (Fla.2010). We find that any distinction between “true” conversions and other conversions is unworkable in practice. Accordingly, we conclude that appellant’s conversion claim is preempted by the Car-mack Amendment even though it includes allegations of intentional conduct. To hold otherwise would undermine the Carmack Amendment’s goal of creating a uniform national policy on a carrier’s liability for property loss.
Second, we conclude that appellant’s claim against UPS for the unauthorized use of her name or likeness is preempted by the Carmack Amendment. Courts have held that even claims of slander or damage to reputation are preempted by the Carmack Amendment. See Moffit, 6 F.3d at 306-07 (holding that Carmack Amendment preempted all of the plaintiffs’ claims, including slander); Design X Mfg., Inc. v. ABF Freight Sys., Inc., 584 F.Supp.2d 464, 468 (D.Conn.2008) (holding that Carmack Amendment preempted furniture company’s claim against carrier for loss of business and reputation arising out of damaged desk delivered to one of the plaintiff’s customers; the “alleged loss to business and reputation flowed directly from the damage to the goods shipped in interstate commerce and the subsequent claims process”). Similarly, in this case we find that UPS’s alleged unauthorized use of appellant’s likeness in the resale of her paintings flowed directly from UPS’s course of conduct in failing to deliver the paintings. This claim is therefore preempted.
Finally, we hold that appellant’s claims against UPS in Counts II and IV are also preempted. These counts, which allege fraud and deceptive conduct relating to the formation of the shipping contract, are so closely related to the performance of the contract that they are preempted. See, e.g., Gordon, 130 F.3d at 289 (holding that fraud “claims relating to the making of the contract for carriage are so closely related to the performance of the contract, and the measure of damages for such claims so likely to be the loss or damage to the goods, that they are also preempted by the Carmack Amendment”); Schultz v. Auld, 848 F.Supp. 1497, 1503 (D.Idaho 1993) (“Decisions more recent than those on which Plaintiff relies have uniformly upheld the preemptive effect of the Car-mack Amendment and that the application of a state’s deceptive trade practices act is totally incongruous with the purposes of the Carmack Amendment.”).[1]

Conclusion

We affirm the trial court’s final order of dismissal. To the extent this opinion con *412 flicts with the Fifth District’s decision in Braid Sales, we certify conflict.

Affirmed; conflict certified.

CIKLIN, J., and ROBINSON, MICHAEL A., Associate Judge, concur.

. While there are some cases holding that the Carmack Amendment does not preempt unfair trade practice claims, see Mesta v. Allied Van Lines Int’l, Inc., 695 F.Supp. 63 (D.Mass.1988); Sokhos v. Mayflower Transit, Inc., 691 F.Supp. 1578 (D.Mass.1988); Brown v. Am. Transfer & Storage Co., 601 S.W.2d 931 (Tex.1980), these cases are in the minority and two of them have been disapproved. See Rini, 104 F.3d 502, 506 n. 3 (1st Cir.1997) (“To the extent [Sokhos and Mesta ] are inconsistent with our holding, they do not represent the law of the circuit.’’).